[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
On August 20, 1999, the Commissioner of the Department of Children and Families (hereinafter DCF) filed petitions to terminate the parental rights of Angel S., Sr. and Moraima G., father and mother respectively of the above-captioned minor children. The petition seeking to terminate the parental rights of the father, Angel S., Sr., was withdrawn. The state proceeded by way of default with respect to the petition seeking the termination of the parental rights of the respondent mother.
The petition seeks termination of parental rights based upon the grounds that the child has been abandoned by the respondent mother in the sense that she has failed to maintain a reasonable degree of interest, concern or responsibility with respect to the welfare of the children. CT Page 15425 The petition further alleges that the children have been denied by reason of acts of omission or commission, including physical abuse, the guidance or control necessary for their educational, moral and emotional well being. The petition finally alleges that there is no ongoing parent/child relationship with respect to the mother such as ordinarily develops as a result of a parent having met on a continuing day-to-day basis the physical, emotional, moral or educational needs of the child.
The court finds by clear and convincing evidence that all three grounds as aforesaid have been proven with respect to the respondent Moraima G. Having made that finding, the court, pursuant to the provisions of Connecticut General Statutes § 17a-112, is obligated to examine whether the facts established by clear and convincing evidence a termination of the mother's parental rights is in the best interest of these children. In that regard, the court is bound to consider the criteria specified in Connecticut General Statutes § 17a-112(e), which again, must be established by clear and convincing evidence.
The court finds the following facts to have been proven by clear and convincing evidence:
(1) A finding regarding the timeliness, nature and extent of services offered or provided to the parent and the children by an agency to facilitate the reunion of the children and the parent.
The court finds that DCF has offered timely services to the respondent mother with respect to these children. Visitation has been available to her, and she has made no effort to see either of the children since December of 1998. She has been provided with the phone numbers and addresses and locations of the children on a consistent basis. She has failed to call, visit or show any interest whatsoever in the well being of these children. The mother has participated in drug rehabilitation without the aid of the Department, but in spite of what appears to be some success in her rehabilitation efforts, has not made any step to facilitate or attempt a reunion between herself and these minor children.
(2) A finding regarding whether DCF has made a reasonable effort to reunite the family pursuant to the federal Child Welfare Act of 1980, as amended.
The court finds that DCF has made reasonable efforts to reunite the children with their mother. Those efforts are described in detail in the study, which has been marked as State's Exhibit A. In May of 1999, the court made a finding that reasonable efforts toward reunification were no longer appropriate as to the respondent mother. CT Page 15426
(3) A finding regarding the terms of any applicable court orders entered into and the extent to which the parties have fulfilled their obligations under said order.
On December 18, 1997, there were specific steps outlined and approved by the court with respect to these minor children. Among other things, the specific steps provided for visitation with the children as often as permitted by DCF. As previously stated, the mother has not visited the children since December of 1998, and has shown no interest in the children since that date.
(4) A finding regarding the feelings and emotional ties of the children with respect to the parent, guardian or any other person.
Based upon the evidence provided, the children had minimal emotional ties with the respondent mother as of 1997. It was noted by a DCF worker that the children do not to seek comfort or affection from their mother. In addition, the children have significant ties with their caretakers and, in the case of Angel, has developed ties with people in his current group home.
(5) A finding regarding the efforts of the parents to adjust their circumstances to make it in the best interest of the children to return to their home.
The respondent mother has made little or no effort in order to adjust her circumstances so that the children can return to her home. Again, she has failed to visit the children in a significant amount of time, she has failed to show any interest in her children, including but not limited to, financial interest or recognition of the children on special occasions. She has failed to make inquiry as to the well being of the children.
(6) Findings regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the children.
There is no evidence to suggest that the respondent mother has been prevented in any manner from maintaining a relationship with her children. The Department has made reasonable efforts to reunify the mother with her children and to maintain a relationship between the mother and the children. Further, the court finds that the economic circumstances of the mother have not been a factor in her inability or failure to establish a relationship with these children.
(7) Findings regarding the ages of the children. Angel, Jr. was born CT Page 15427 on January 8, 1990, and Jose was born on March 2, 1994.
After consideration of the totality of circumstances with respect to the children's life, their current well being, and their lack of a relationship with the respondent mother, the court finds that termination of the parental rights of their respondent mother is in the children's best interest.
Accordingly, the court enters judgment terminating the parental rights of the respondent Moraima G.
Robaina, J